UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,    Case No. 1:23-cr-20118

-vs-            District Judge Thomas L. Ludington

BRODY MILLER,

      Defendant.
_____/

## MOTION FOR A DOWNWARD VARIANCE

NOW COMES Defendant, Brody Miller ("Mr. Miller"), by and through his counsel, Alan A. Crawford, respectfully requesting this Honorable Court to issue a Downward Variance and sentence Mr. Miller to 60 months imprisonment.

In support of said request, Mr. Miller states as follows:

1. That on September 27, 2023, Mr. Miller pled to Conspiracy With Intent to Distribute and to Distribute Fentanyl in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §924(c)(1)(A)(i).

2. That the Probation Department calculated Mr. Miller's guidelines at 12-18 months for Count 1, based on a total offense level of 12 and criminal history category II. There is also an additional mandatory 60 month consecutive sentence for Count 3. The cumulative guideline range is 72-78 months.

3. That Mr. Miller does not object to these findings.

4. That "[w]hile the [g]uidelines remain important, they are now just one of the numerous factors that a district court must consider when sentencing a defendant." *United States v. McBride*, 434 F.3d 470 (6th Cir. 2006). "[A] district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a). . ." *United States v. Foreman*, 436 F.3d 638, 643 (6th Cir. 2006).

5. That pursuant to 18 U.S.C. § 3553(a)(2), the court shall impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2); *Gall v. United States,* 552 U.S. 38 (2007).

6. That Mr. Miller is only 19 years old, but has experienced his fair share of hardships throughout the course of his young life.

7. That from being the victim of sexual assault at a young age, to eventually developing a severe drug addiction which led to multiple drug overdoses, and to being diagnosed with cerebral palsy, there is no denying that life has been far from easy for Mr. Miller.

8. That Mr. Miller spent the majority of his 19-year life trying to process and cope with what happened to him as a four or five year old by himself. It was only when he was 16 that he reported the abuse and began to receive counseling. *See* PSR p.10-11, ¶ 51.

9. That however, at just 16 years of age, Mr. Miller was a drug addict, and his drug addiction began at an even earlier age. At 13, Mr. Miller was abusing Xanax daily. At 15 he began abusing Vicodin. Then at 16 he graduated to fentanyl pills. *See* PSR p.13, ¶ 65.

10. That Mr. Miller's involvement in the instant matter was directly related to his drug addiction. The same fentanyl pills that Mr. Miller was addicted to and overdosing on, were the same ones he was selling. Mr. Miller was a teenage drug addict that is lucky to be alive given the severity of his addiction.

11. That a lot has changed with Mr. Miller since he was placed on pretrial release.

12. That the strides Mr. Miller has made in his life from the date of his arraignment in this matter to today is truly remarkable. Mr. Miller has shown the initiative and taken the necessary steps to reclaim his life. He is enrolled in outpatient counseling, LIST Psychological Services, regularly attends Alcoholic Anonymous meetings, earned two vocational certificates related to auto mechanics, and has maintained steady employment while on pretrial release.

13. That given all Mr. Miller has overcome and the progress he has made to get to where he is today, a downward variance is certainly warranted.

WHEREFORE Mr. Miller respectfully requests this Honorable Court to issue a downward variance and impose a sentence of 60 months imprisonment.

Respectfully submitted,

s/ Alan A. Crawford
Alan A. Crawford (P74474)
120 N. Michigan Ave. #303
Saginaw, Michigan 48602
989.355.1717
989.352.3141 Fax
alan@acrawfordlaw.com

Dated: February 7, 2024

3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,              Case No. 1:23-cr-20118

-vs-                                    District Judge Thomas L. Ludington

BRODY MILLER,

                Defendant.
_____/

**BRIEF IN SUPPORT OF**
**MOTION FOR A DOWNWARD VARIANCE**

    Pursuant to 18 U.S.C. § 3553(a), Mr. Brody Miller, by and through his counsel, Alan A. Crawford, hereby respectfully submits this Brief in Support of his Motion for a Downward Variance in the instant matter. For the reasons set forth in this Brief and the authorities that accompany this motion, the Court should grant the instant motion and sentence Mr. Miller to 60 months imprisonment.

    In determining the particular sentence to be issued for a Defendant, a District Court shall impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

    By statute, "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may

4

receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. *See also Gall v. United States*, 552 U.S. 38, 52 (2007) (upholding below-Guidelines sentence based on individual offender and offense characteristics that the Guidelines then discouraged or prohibited courts from considering, such as defendant's youth and drug use at time of offense, and post-offense rehabilitation, including completing education, successfully pursuing employment and discontinuing drug use).

In determining the particular sentence to be imposed in this matter, 18 U.S.C. § 3553(a)(1) requires the Court to consider the history and characteristics of the defendant. Mr. Miller is an individual that has to overcome so much already in his young life, that his life almost does not even seem real or fair. It is unfathomable that a child would become a drug addict at 13, but this is the reality and sad truth of Mr. Miller's life. It is painful to even imagine what Mr. Miller's life was like at 16 when he was taking 50 fentanyl pills a day.

Mr. Miller has overdosed on fentanyl between 10 and 15 times in his life. On top of the drug addiction, Mr. Miller suffered from suicidal ideations that he has previously been hospitalized for. The last few years of Mr. Miller's life has been a nightmare for him and his family.

But Mr. Miller did not just arrive at this extreme low point in his young life out of nowhere. Mr. Miller and his family believe that his recent struggles are the direct result of sexual abuse he suffered as a child. It is well established that "childhood sexual abuse has the potential to transform the trajectory of one's life in a multitude of ways. While the effects of childhood sexual abuse are largely individualized and can manifest at different points throughout the lifespan, commonly reported symptoms and long-term effects include dissociation, depression, anxiety, eating disorders, self-harm, relationship difficulties, and addictive or compulsive patterns of behavior"

5

(Aaron, 2012).[1] Since Mr. Miller's experience with sexual abuse, he has suffered from many of the symptoms listed above. But the matter was compounded by the fact that he did not receive any type of counseling or help for over a decade. The abuse occurred when Mr. Miller was four or five, and he did not tell his parents until he was 16 and addicted to fentanyl pills.

In their dissenting opinion, in *Santosky v. Kramer,* Justices Rehnquist, Burger, White, and O'Connor noted that "[i]t requires no citation of authority to assert that children who are abused in their youth generally face extraordinary problems developing into responsible, productive citizens." *Santosky v. Kramer*, 455 U.S. 745, 789 (1982). *See also United States v. Rivera*, 192 F.3d 81, 84 (2d Cir. 1999) ("It seems beyond question that abuse suffered during childhood – at some level of severity – can impair a person's mental and emotional conditions"). Therefore, district courts have commonly granted sentencing reductions where a defendant was victimized as a child. *See United States v. Walter*, 256 F.3d 891 (9th Cir. 1999).

The Guidelines do not consider the abuse Mr. Miller suffered as a child nor the resulting mental health and substance abuse issues. However, 18 U.S.C. § 3553(a) requires the Court to give fair consideration to his history in determining an appropriate sentence in this matter. Though he is only 19 years old, Mr. Miller has had to go through so much to get to this point. His life could have ended during one of the multiple overdoses. But he has persevered through each and every obstacle he has faced.

It is only now that he is clean, that he is beginning to appreciate all that life can offer and he is determined to make the most of the opportunities in front of him. Given all that he has

---

[1] Aaron, M. (2012). The pathways of problematic sexual behavior: a literature review of factors affecting sexual behavior in survivors of childhood sexual abuse. Sexual Addiction & Compulsivity, 19(3), p. 199-218.

6

overcome and the positive strides he has made while on pretrial release, a downward variance is warranted.

    WHEREFORE Mr. Miller respectfully requests this Honorable Court to issue a downward variance and impose a sentence of 60 months imprisonment.

Respectfully submitted,

s/ Alan A. Crawford
Alan A. Crawford (P74474)
120 N. Michigan Ave. #303
Saginaw, Michigan 48602
989.355.1717
989.352.3141 Fax
alan@acrawfordlaw.com

Dated: February 7, 2024

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,    Case No. 1:23-cr-20118

-vs-            District Judge Thomas L. Ludington

BRODY MILLER,

      Defendant.
_____/

## **CERTIFICATION**

I hereby certify that the forgoing papers were electronically filed this date, served electronically or by mail to the following:

**AUSA J. MICHAEL BUCKLEY**
Assistant United States Attorney
101 First Street, Suite 200
Bay City, MI 48708
(989)-891-0361

            By: s/ Alan A. Crawford

Date: February 7, 2024